**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER WEATHERALL,

Petitioner - Appellant,

v.

LARRY REID; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondent - Appellee.

No. 02-1458
D.C. No. 02-Z-1726
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On September 10, 2002, *pro se* petitioner, Christopher Weatherall, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court.  The district court dismissed the § 2254 petition without prejudice.  Weatherall now seeks a certificate of appealability ("COA") from this court so he can appeal the dismissal of his § 2254 petition.  *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

Weatherall raised three claims in his § 2254 petition: (1) he was the object of a malicious prosecution, (2) he was constructively denied counsel, and (3) his direct appeal was "sabotaged."  Weatherall asserted that he sought post-conviction relief in the Colorado state courts and further conceded that those state court proceedings are still pending.  In his § 2254 petition, Weatherall requested the district court to excuse him from the requirement of exhausting his state remedies and address the merits of the claims raised in the petition.  Weatherall asserted that his failure to exhaust state remedies was the result of an lengthy and ongoing "scheme carried out by agents and cohorts of the state" of Colorado designed to deprive him of his liberty, deny him relief, and prejudice his claims.  The district court rejected Weatherall's arguments and dismissed his § 2254 petition without prejudice for failure to exhaust the three claims raised in the petition.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

-2-

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). After consideration of Weatherall's request for a COA and appellate brief, and a *de novo* review of the record, this court concludes that the district court's conclusion that Weatherall's § 2254 petition should be dismissed for failure to exhaust state remedies is not reasonably debatable. Accordingly, Weatherall has not made "a substantial showing of the denial of a constitutional right" and he is not entitled to a COA. Accordingly, this court **denies** Weatherall's request for a COA for substantially those reasons set forth in the district court's order dated September 27, 2002 and **dismisses** this appeal. Weatherall's request to proceed *in forma pauperis* on appeal is **denied**. His Motion to Show Cause is **dismissed** as moot.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-